UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTOINETTE PUSATERI,

                      Plaintiff,

v.

LOWE'S HOME CENTERS, INC., and
LOWE'S COMPANIES, INC.,

                      Defendants.

**NOTICE OF REMOVAL**

Civil Action #:

**TO:** **United States District Court**
      **Eastern District of New York**

Pursuant to 28 U.S.C. §1441 and 1332, the action entitled *Antoinette Pusateri v. Lowe's Home Centers, Inc. and Lowe's Companies, Inc.* commenced in the Supreme Court of the State of New York for the County of Suffolk, Index Number 607801/2020, is hereby removed by Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, Inc. and Lowe's Companies, Inc.") (hereinafter "Lowe's" or "Defendant"), from the Supreme Court of the State of New York, County of Suffolk to the United States District Court for the Eastern District of New York by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of New York.

Defendant, by and through its attorneys, Goldberg Segalla LLP, respectfully states the following as grounds for removing this action:

**Procedural History**

1.     On or about June 25, 2020, the above-captioned civil action was commenced in the Supreme Court of the State of New York, County of Suffolk. Plaintiff's Summons and Verified Complaint were assigned Index Number 607801/2020 (hereinafter, the "State Court Action").

2.     According to the Affidavit of Service filed on August 13, 2020, the Summons and

Complaint were delivered to the Lowe's Home Improvement retail store located at 100 Long Island Expressway, Commack, New York 11725 on July 6, 2020. Lowe's does not agree that delivery of the Summons and Complaint to the store constituted proper service under New York law.

3. Copies of all process, pleadings, and orders served upon parties in the State Court Action are attached hereto as **Exhibit A**.

4. The State Court Action seeks monetary damages for personal injuries allegedly sustained by plaintiff, Antoinette Pusateri, while shopping at the Lowe's Home Improvement retail store located at 100 Long Island Expressway, Commack, New York 11725.

## Parties

5. Upon information and belief, plaintiff is a resident of Suffolk County, State of New York.

6. Defendant is incorporated under the laws of the state of North Carolina and has a principal place of business in North Carolina.

7. More specifically, Lowe's Home Centers, LLC, is a limited liability company organized under the laws of North Carolina and with a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

8. The sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc.

9. Lowe's Companies, Inc. was incorporated under the laws of North Carolina and has a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

10. Accordingly, full diversity exists between the parties.

28852331.v1

### Jurisdiction

11. This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### Basis for Removal

12. This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this is the federal district court for the district embracing the place where the state court suit is pending.

13. Though the Complaint does not state the amount of damages that will be sought, in response to Lowe's discovery demands, plaintiff claims damages in the amount of $1 million dollars for past pain and suffering and $1 million dollars for future pain and suffering, in addition to $75,000 for past and future medical expenses. Therefore, it is Lowe's good faith belief that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's discovery response dated January 12, 2021 (but filed on January 15, 2021) is attached as **Exhibit B**.

14. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff, by and through his attorneys of record, and is being filed with the Clerk of the Court of the State of New York, Supreme Court, County of Suffolk.

15. Copies of all process, pleadings, and orders served upon Defendant in the State of New York Supreme Court, County of Suffolk, Index No. 607801/2020, are attached as Exhibit A.

16. By filing this Notice of Removal, Defendant does not waive any defenses which

28852331.v1

may be available to it, including, but not limited to, its right to contest *in personam* jurisdiction over Defendant and improper service of process.

17. No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant files this Notice of Removal so that the State Court Action bearing Index No. 607801/2020 now pending in the State of New York, Supreme Court, County of Suffolk be removed to this court for all further proceedings.

Dated: Buffalo, New York
        February 11, 2021

> GOLDBERG SEGALLA LLP
>
>  *s/ Joseph Hanna*
> Joseph M. Hanna, Esq. (JH2603)
> *Attorney for Defendant*
> *Lowe's Home Centers, LLC*
> 665 Main Street
> Buffalo, New York 14203-1425
> (716) 566 - 5400
> jhanna@goldbergseglla.com

TO:   Brian R. Gunn, Esq.
      CERUSSI & GUNN, P.C.
      *Attorneys for Plaintiff*
      300 Garden City Plaza, Suite 308
      Garden City, New York 11530
      (516) 745-1300