**EXHIBIT A**

Case 2:21-cv-00739-JS-SIL  Document 1-1  Filed 02/11/21  Page 2 of 37 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------------

ANTOINETTE PUSATERI,

                                        Plaintiff,

                    -against-

LOWE'S HOME CENTER, INC., and LOWE'S
COMPANIES, INC.,

                                        Defendants.

---------------------------------------------------------------------------

Index No.:
Date Purchased:

Plaintiff designates
SUFFOLK COUNTY
as the place of trial

**SUMMONS**

Basis of Venue:

Defendants' Residence
Defendants' Resides at:
100 Long Island
Expressway, Commack,
N.Y.

## TO THE ABOVE NAMED DEFENDANTS:

**You are hereby summoned** to answer the complaint in this action, and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice

of appearance on the Plaintiff's attorneys within twenty days after service of this summons,

exclusive of the day of service, where service is made by delivery upon you personally

within the state, or, within 30 days after completion of service where service is made in any

other manner. In case of your failure to appear or answer, judgment will be taken against

you by default for the relief demanded in the complaint.

Dated:   June 24, 2020
         Garden City, NY

                              Yours, etc.

                              CERUSSI & GUNN, P.C.

                              BY: _____
                                   BRIAN R. GUNN
                                   *Attorneys for Plaintiff*
                                   300 Garden City Plaza, Suite 308
                                   Garden City, NY 11530
                                   (516) 745-1300

DEFENDANTS ADDRESS:
LOWE'S HOME CENTER, INC., 100 Long Island Expressway, Commack, N.Y.
LOWE'S COMPANIES, INC., 100 Long Island Expressway, Commack, N.Y.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
ANTOINETTE PUSATERI,                                        Index No.:

                                    Plaintiff,              **VERIFIED COMPLAINT**

                -against-

LOWE'S HOME CENTER, INC., and LOWE'S
COMPANIES, INC.,

                                    Defendants.
-------------------------------------------------------------------X

Plaintiff, by her attorneys, CERUSSI & GUNN, P.C. complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1.     That at all times hereinafter mentioned, Plaintiff was, and still is, a resident of the State of New York, County of Suffolk.

2.     That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

3.     That at all times hereinafter mentioned, the Defendant LOWE'S HOME CENTERS, INC. was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.     That at all times hereinafter mentioned, the Defendant LOWE'S COMPANIES INC. was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.     That all times hereinafter mentioned, the Defendant LOWE'S HOME CENTERS, INC. maintained a principal place of business in the County of Suffolk, State of New York.

6.     That all times hereinafter mentioned, the Defendant LOWE'S COMPANIES, INC. maintained a principal place of business in the County of Suffolk, State of New York.

7.     That at all times hereinafter mentioned, the Defendant LOWE'S HOME CENTERS,

FILED: SUFFOLK COUNTY CLERK 06/25/2020 12:33 PM          INDEX NO. 607801/2020

NYSCEF DOC. NO. 1          Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 4 of 37 PageID #: 8          RECEIVED NYSCEF: 06/25/2020

INC., was, and still is, a resident of the State of New York.

8.      That at all times hereinafter mentioned, the Defendant LOWE'S COMPANIES, INC., was, and still is, a resident of the State of New York.

9.      That at all times hereinafter mentioned, the Defendant LOWE'S HOME CENTERS, INC. was and is a foreign corporation licensed to do business in the State of New York.

10.     That at all times hereinafter mentioned, the Defendant LOWE'S COMPANIES, INC., was and is a foreign corporation licensed to do business in the State of New York.

11.     That at all times hereinafter mentioned the Defendant LOWE'S HOME CENTERS, INC., was a wholly owned subsidiary of the Defendant LOWE'S COMPANIES, INC.

12.     That at all times hereinafter mentioned, the Defendant LOWE'S HOME CENTER, INC., operated a "LOWE'S" home improvement store at a premises located at 100 Long Island Expressway, Commack, N.Y.

13.     That at all times hereinafter mentioned, the Defendant LOWE'S COMPANIES, INC., operated a "LOWE'S" home improvement store at a premises located at 100 Long Island Expressway, Commack, N.Y.

14.     That at all times hereinafter mentioned, the LOWE'S store located at 100 Long Island Expressway, Commack, N.Y. is known as store number 3159.

15.     That at all times hereinafter mentioned, the Defendant LOWE'S HOME CENTER, INC., owned the property located at 100 Long Island Expressway, Commack, N.Y.

16.     That at all times hereinafter mentioned, the Defendant LOWE'S COMPANIES, INC., owned the property located at 100 Long Island Expressway, Commack, N.Y.

17.     Upon information and belief, at all times hereinafter mentioned, the defendant LOWES HOME CENTER, INC., operated, managed, maintained and controlled the aforesaid premises, known as store number 3159.

18.     Upon information and belief, at all times hereinafter mentioned, the defendant LOWE'S COMPANIES, INC., operated, managed, maintained and controlled the aforesaid

premises, known as store number 3159.

19. On January 18, 2020 Plaintiff ANTOINETTE PUSATERI was lawfully at or on the subject premises, with the knowledge and consent of its owner, manager, tenant and/or operator.

20. On January 18, 2020 Plaintiff ANTOINETTE PUSATERI was lawfully at or on the subject premises, when while walking upon a back of store cross aisle she was caused to trip and fall and sustain injuries when her feet got caught and trapped in "strapping tape" also known as "bundle strap", located on the floor of the subject premises.

21. The above mentioned occurrence, and the results thereof, were caused by the negligence of the defendants and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

22. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

23. That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused and will continued to be caused, to incur expenses for medical care and attention; and Plaintiff was and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

24. That as a result of the foregoing, Plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the defendants in an amount to exceed the jurisdictional limits of all lower Courts together with the costs and disbursements of this action.

Dated: Garden City, NY
June 24, 2020

Yours, etc.

_____
BRIAN R. GUNN

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 6 of 37 PageID #: 10

CERUSSI & GUNN, P.C.
*Attorneys for Plaintiff*
300 Garden City Plaza, Suite 308
Garden City, N.Y. 11530
(516) 745-1300

BRIAN R. GUNN, affirms under penalties and pursuant to CPLR 2106:

That affirmant is the attorney for the plaintiff(s) in the action within; that affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff and is made by affirmant is that plaintiff is not presently in the county where the attorneys for the plaintiff has his office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiff.

Dated: June 24, 2020
    Garden City, New York

           BRIAN R. GUNN

INDEX NO. 607801/2020

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 8 of 37 PageID #: 12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ATTORNEY(S) CERUSSI & GUNN, P.C.          PH: (516) 745-1300 X9920
300 GARDEN CITY PLAZA, SUITE 308 GARDEN CITY, NY 11530 |

Index Number: 607801/2020
Date Filed: 06/25/2020
Court Date:

---

ANTOINETTE PUSATERI

*Plaintiff*

*VS*

LOWES HOME CENTER, Inc., et al

*Defendant*

---

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**AFFIDAVIT OF SERVICE**

Robert Segarra          , being sworn deposes and states that, the Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.

That on 7/6/2020, at 2:01 PM at 100 LONG ISLAND EXPRESSWAY, COMMACK, NY 11725, Deponent served the within  SUMMONS, VERIFIED COMPLAINT, NOTICE OF ELECTRONIC FILING ,with the index number and the filing date of the action were endorsed upon the face of the papers so served herein.  On: LOWE'S COMPANIES, INC, therein named, ( hereinafter referred to as "subject").

By delivering to and leaving with  LISA said individual to be  Manager who specifically stated he/she was  **authorized to accept** service on behalf of the Corporation/Government Agency/Entity.    A description of LISA is as follows:

**Sex**: Female      **Color of skin**: White      **Color of hair**: Black   **Age**: 35
**Height**: 5ft4in-5ft8in     **Weight**: 161-200 Lbs.  **Other** :

In addition, the  recipient described above, refused to disclose their full name.

Sworn to before me on July 7, 2020

Lauren R. Pluchino
Notary Public - State of New York
No. 01PL6399902, Qualified in Suffolk County
My Commission Expires: November 4th 2023

Client's File No.: PUSATERI

Process Server, Please Sign
Robert Segarra
Lic#
Job #: 2013182

**PROFESSIONAL PROCESS SERVERS, 1** Comac Loop, unit 14B1, Ronkonkoma, NY 11779 Ph. **631-647-9470** Fax. **631-647-9468** A DIVISION
Inter County Judicial Services, LLC, 85 Willis Avenue Ste. F, Mineola, NY 11501 LICENSE # 1371771

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 9 of 37 PageID #: 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ATTORNEY(S) CERUSSI & GUNN, P.C.    PH: (516) 745-1300 X9920
300 GARDEN CITY PLAZA, SUITE 308 GARDEN CITY, NY 11530 |

Index Number: 607801/2020

Date Filed: 06/25/2020

Court Date:

---

ANTOINETTE PUSATERI

*Plaintiff*

VS

LOWES HOME CENTER, Inc., et al

*Defendant*

---

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

**AFFIDAVIT OF SERVICE**

Robert Segarra          , being sworn deposes and states that, the Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.

That on **7/6/2020**, at **2:01 PM** at **100 LONG ISLAND EXPRESSWAY, COMMACK, NY 11725**, Deponent served the within SUMMONS, VERIFIED COMPLAINT, NOTICE OF ELECTRONIC FILING ,with the index number and the filing date of the action were endorsed upon the face of the papers so served herein.  On: **LOWES HOME CENTER**, therein named, ( hereinafter referred to as "subject").

By delivering to and leaving with **LISA** said individual to be **Manager** who specifically stated he/she was **authorized to accept** service on behalf of the Corporation/Government Agency/Entity.   A description of LISA is as follows:

**Sex**: Female      **Color of skin**: White      **Color of hair**: Black   **Age**: 35
**Height**: 5ft4in-5ft8in      **Weight**: 161-200 Lbs.   **Other** :

In addition, the recipient described above, refused to disclose their full name.

Sworn to before me on July 7, 2020

Lauren R. Pluchino
Notary Public - State of New York
No. 01PL6399902, Qualified in Suffolk County
My Commission Expires: November 4th 2023

Client's File No.: PUSATERI

Process Server, Please Sign
Robert Segarra

Lic#

Job #: 2013167

**PROFESSIONAL PROCESS SERVERS, 1 COMAC LOOP, UNIT 14B1, RONKONKOMA, NY 11779 PH. 631-647-9470 FAX. 631-647-9468** A DIVISION
INTER COUNTY JUDICIAL SERVICES, LLC, 85 WILLIS AVENUE STE. F, MINEOLA, NY 11501 LICENSE # 1371771

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 10 of 37 PageID #: 14

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

ANTOINETTE PUSATERI,

                                      Plaintiff,              **VERIFIED ANSWER**

v.
                                                             Index No.: 607801/2020

LOWE'S HOME CENTERS, INC. and
LOWE'S COMPANIES, INC.,

                                      Defendants.

_____

      Defendant, Lowe's Home Centers, LLC (incorrectly sued herein as "Lowe's Home Centers, Inc. and Lowe's Companies, Inc.") (hereinafter "Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the Plaintiff's Verified Complaint, responds as follows, upon information and belief:

      1.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

      2.     Paragraph 2 of the Verified Complaint calls for a legal conclusion to which no response is required.  To the extent that a response is required, Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

      3.     In response to paragraph 3 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 3 of the Verified Complaint.

      4.     In response to paragraph 4 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 11 of 37 PageID #: 15

located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 4 of the Verified Complaint.

5.      In response to paragraph 5 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 5 of the Verified Complaint.

6.      In response to paragraph 6 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 6 of the Verified Complaint.

7.      In response to paragraph 7 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 7 of the Verified Complaint.

8.      In response to paragraph 8 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 8 of the Verified Complaint.

2

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 12 of 37 PageID #: 16

9.      In response to paragraph 9 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 9 of the Verified Complaint.

10.     In response to paragraph 10 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 10 of the Verified Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     In response to paragraph 12 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC operated a Lowe's Home Improvement retail store on the premises at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 12 of the Verified Complaint.

13.     In response to paragraph 13 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC operated a Lowe's Home Improvement retail store on the premises at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's admits the allegations contained in paragraph 14 of the Verified Complaint.

28500758.v1

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 13 of 37 PageID #: 17

15.     In response to paragraph 15 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC owned the premises located at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 15 of the Verified Complaint.

16.     In response to paragraph 16 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC owned the premises located at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 16 of the Verified Complaint.

17.     In response to paragraph 17 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC operated a Lowe's Home Improvement retail store on the premises at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 17 of the Verified Complaint.

18.     In response to paragraph 18 of the Verified Complaint, Lowe's admits that Lowe's Home Centers, LLC operated a Lowe's Home Improvement retail store on the premises at 100 Long Island Expressway, Commack, New York 11725, and denies the remaining allegations contained in paragraph 18 of the Verified Complaint.

19.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Verified Complaint.

21.     Lowe's denies the allegations contained in paragraph 21 of the Verified Complaint.

Case 2:21-cv-00739-JS-SIL Document 1-1 Filed 02/11/21 Page 14 of 37 PageID #: 18

22.     Lowe's denies the allegations contained in paragraph 22 of the Verified Complaint.

23.     Lowe's denies the allegations contained in paragraph 23 of the Verified Complaint.

24.     Lowe's denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Lowe's denies each and every other allegation of the Verified Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the Plaintiff, and without negligence, fault or want of care on the part of Lowe's.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

27.     If Lowe's is found liable to the Plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the Plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28.     The Verified Complaint fails to state a cause of action against Lowe's.

5

Case 2:21-cv-00739-JS-SIL  Document 1-1  Filed 02/11/21  Page 15 of 37 PageID #: 19

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

29.     The Plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's

is entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment as set forth in said law.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

31.     Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

32.     The underlying incident and alleged resulting injuries were not proximately

caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE
DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

33.     All risks and dangers at the time and place set forth as the location of the

happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE,
LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

34.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's,

then said verdict or judgment must exclude or be reduced by those amounts which have been, or

will with reasonable certainty replace or indemnify the Plaintiff, in whole or in part, for any past

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 16 of 37 PageID #: 20

or future medical costs, health care, life care, or other economic loss or the benefit that is offered

or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

35.     There may be documentary evidence exists which establishes a complete defense

to this action.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

36.     Plaintiff was the sole proximate cause of her injuries.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

37.     If the Plaintiff receives or has received sums of money in settlement of the claims

asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108

of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff

against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it

or the amount of the released defendants' equitable share of the damages, whichever is the

greatest.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

38.     Lowe's reserves the right to amend this Answer and to add any applicable

affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

    a.      Dismissing Plaintiff's Verified Complaint, or

7

28500758.v1

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 17 of 37 PageID #: 21

      b.      Reducing Plaintiff's recovery in the proportion to which the Plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiff's damages;

      c.      Limiting Plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

      d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated:        Buffalo, New York
              December 10, 2020

                          GOLDBERG SEGALLA LLP

                          Kenneth L. Bostick, Jr., Esq.
                          *Attorney for Defendant*
                          *Lowe's Home Centers, LLC*
                          665 Main Street
                          Buffalo, New York 14203
                          (716) 566-5400

TO:     Brian R. Gunn, Esq.
        CERUSSI & GUNN, P.C.
        *Attorneys for Plaintiff*
        300 Garden City Plaza, Suite 308
        Garden City, New York 11530
        (516) 745-1300

8

28500758.v1

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
COUNTY OF ERIE ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.     I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued herein as "Lowe's Home Centers, Inc. and Lowe's Companies, Inc.") (hereinafter "defendant") in this matter.

2.     I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.     The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Suffolk, where this action is venued.

Kenneth L. Bostick, Jr.

Sworn to before me this
10th day of December, 2020

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

9

INDEX NO. 607801/2020

# REQUEST FOR JUDICIAL INTERVENTION

**UCS-840**
(rev. 07/29/2019)

### Suffolk Supreme COURT, COUNTY OF Suffolk

Index No:  607801/2020     Date Index Issued:  06/25/2020

**For Court Use Only:**

| CAPTION | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

Antoinette Pusateri

Plaintiff(s)/Petitioner(s)

-against-

Lowe's Home Center, Inc., Lowe's Companies, Inc.

Defendant(s)/Respondent(s)

IAS Entry Date

Judge Assigned

RJI Filed Date

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): 

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).**

### REAL PROPERTY: Specify how many properties the application includes: 
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):   ☐ Residential   ☐ Commercial
  Property Address: 

  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F).**

- ☐ Tax Certiorari - Section:      Block:      Lot:
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): 

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): 

### MATRIMONIAL
- ☐ Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M).**

  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13).**

### TORTS
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify):
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify):
- ☒ Other Negligence (specify):   SLIP AND FALL
- ☐ Other Professional Malpractice (specify):
- ☐ Other Tort (specify):

### SPECIAL PROCEEDINGS
- ☐ CPLR Article 75 (Arbitration)    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify):
- ☐ Other Special Proceeding (specify):

## STATUS OF ACTION OR PROCEEDING:  Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 06/25/2020 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 07/06/2020 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

## NATURE OF JUDICIAL INTERVENTION:  Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: 
- ☐ Notice of Motion    Relief Requested:     Return Date:
- ☐ Notice of Petition    Relief Requested:     Return Date:
- ☐ Order to Show Cause    Relief Requested:     Return Date:
- ☐ Other Ex Parte Application
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify):

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 20 of 37 PageID #: 24

| RELATED CASES: | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | | |
|---|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES: | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | **Attorneys and/or Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance**<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Pusateri, Antoinette<br><br>Role(s): Plaintiff/Petitioner | BRIAN GUNN, Cerussi & Gunn PC, STE 308 300 GARDEN CITY PLZ, Garden City, NY  11530, 5167451300, gunn@cerussilawfirm.com | ☒ YES   ☐ NO | |
| ☐ | Name: Lowe's Home Center, Inc.<br><br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com | ☒ YES   ☐ NO | |
| ☐ | Name: Lowe's Companies, Inc.<br><br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com | ☒ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES   ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:   01/15/2021

_____

2648509
Attorney Registration Number

BRIAN ROBERT GUNN
_____
Signature

BRIAN ROBERT GUNN
_____
Print Name

*This form was generated by NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ANTOINETTE PUSATERI,.

Index No. 607801-2020

Plaintiff,

**VERIFIED BILL
OF PARTICULARS**

-against-

LOWE'S HOME CENTERS, INC.,
and LOWE COMPANIES, INC.,

Defendants.
-----------------------------------------------------------------X

PLEASE TAKE NOTICE that the following is plaintiff's Bill of Particulars:

1.    Plaintiff is known by the above-captioned name. The name is spelled correctly.

2.    At the time of the accident and at present, the plaintiff residence is 24 Kevin Road, Commack, N.Y. 11725.

3.    Plaintiff's date of birth and social security number are as listed on the medical authorizations included in plaintiff's response to combined demands.

4.    The accident occurred on January 18, 2020 at approximately 1:30 p.m.

5.    The accident occurred within a back cross aisle of the subject store. Upon information and belief, management from the defendants came to Plaintiff's aid. The incident report will have the exact location of the accident.

6.    The accident occurred when the plaintiff's feet got caught up in or otherwise tangled in what is known as "bundle strapping" or "strapping tape" and was caused to fall to the ground.

7.    At the time of the accident, plaintiff was walking.

8. The aforesaid occurrence and the injuries resulting therefrom were caused by reason of the negligence, carelessness and recklessness of the defendants, in that the defendants, negligently and carelessly maintained the premises in a dangerous condition; in that the defendant failed to warn the plaintiff in particular and the public in general of the aforesaid dangerous and hazardous condition; failed to provide a safe passageway for the plaintiff; and in general being reckless, careless and negligent in the premises.

That these defendants carelessly permitted and suffered "Strapping tape or bundle strapping" to be on the floor of a pedestrian walk area creating a dangerous and hazardous condition; that this defendant allowed the area of the accident to become dangerous; failed to properly mark and secure the area where the accident occurred; failed to warn the plaintiff in particular and the public in general of the aforesaid dangerous and hazardous condition; failed to provide a safe passageway for the plaintiff.

9. A complete answer to this demand must abide further discovery. Plaintiff will ask the trial court to take judicial notice of each and every statute, code, law or ordinance violated by these defendants.

10. As a result of the accident, plaintiff sustained the following injuries:

- Right knee, obliquely oriented longitudinal tear of the body and posterior horn of the medial meniscus extending to the inferior articular surface;

- Right knee, tear of the inner margin of the body of the lateral meniscus;

- Right knee, fracture of the tibial metaphysis;

- Right knee, severe tendinosis at the insertion of the patellar tendon;

- As a result of the above-stated right knee injuries, plaintiff was caused to undergo surgical intervention on June 17, 2020 in the form of a right knee arthroscopy, partial medial and lateral meniscectomy, and removal of loose body.

- As a result of the above-stated right knee injuries, plaintiff was caused to undergo on September 3, 2020 a visco supplementation injection;

- Lumbar, disc herniations at L4-5 and L5-S1

- Lumbar, disc bulges at L2-3, L3-4;

Upon information and belief, all of the above injuries are of a permanent nature and involve the nerves, muscles, tissues, ligaments, tendons and blood vessels in and about the area of the injuries, and plaintiff has and will suffer a traumatically aggravated, precipitated or induced early onset of arthritis of the affected bones and joints with consequent pain, weakness, stiffness and marked limitation of motion, which condition is, upon information and belief, incurable, permanent and progressive in nature.

11.    Plaintiff received attention in some form while at the scene of the accident by employees of the defendants. Plaintiff received medical care at the scene of the accident by responding emergency responders.

12.    The dates of plaintiff's medical treatment are contained in plaintiff's medical records.

13.    Upon information and belief, all of the above injuries are of a permanent nature and involve the nerves, muscles, tissues, ligaments, tendons and blood vessels in and about the area of the injuries, and plaintiff has and will suffer a traumatically aggravated, precipitated or induced early onset of arthritis of the affected bones and joints

with consequent pain, weakness, stiffness and marked limitation of motion, which condition

is, upon information and belief, incurable, permanent and progressive in nature.

14. This is not an aggravation or exacerbation injury.

15. Plaintiff claims limitations of motion and loss of use and function of her

right knee and lower back.

16. Plaintiff was confined to St. Catherine's Hospital on the date of the

accident and on June 17, 2020. Plaintiff was confined to bed for two days following the

accident and for one week following her surgery. Plaintiff was confined to her home for two

days following the accident and for two weeks following the surgery. Plaintiff has not been

confined to rehabilitation facilities.

17. Plaintiff was been partially disabled from the date of the accident to the

present time and continuing. Plaintiff was incapacitated from her employment for two days

following the accident and for two weeks following surgery.

18. Plaintiff is not claiming lost wages.

19. Plaintiff was not self-employed.

20. Special damages: medical expenses will be provided but is in the

approximate amount of $25,000.00.

PLEASE TAKE FURTHER NOTICE, that the plaintiff does not have further and

additional necessary medical information to respond completely regard to plaintiff's injuries

and special damages and will supplement this bill of particulars by service of an additional

bill of particulars when the desired information is obtained.

Dated:       January 12, 2021
             Garden City, New York

Yours, etc.

CERUSSI & GUNN, P.C.

BY: _____

BRIAN R. GUNN
*Attorneys for Plaintiff*
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 745-1300

TO:   GOLDBERG SEGALLA, LLP.
      *Attorneys for Defendants*
      665 Main Street
      Buffalo, N.Y. 11507
      (716) 566-5400

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 26 of 37 PageID #: 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------X
ANTOINETTE PUSATERI,

                                 Plaintiff,

           -against-

LOWE'S HOME CENTERS, INC., and
LOWE'S COMPANIES, INC.,

                          Defendants.
------------------------------------------------------------------------X

Index No.  607801-2020

**NOTICE FOR DISCOVERY
AND INSPECTION**

**PLEASE TAKE NOTICE** that you are required to provide the following materials pursuant to

the applicable provisions of the Civil Practice Law and rules and the Rules of this Court, returnable

at the offices of CERUSSI & GUNN, P.C., at 10:00 a.m. on the 26th day of February, 2021, as per

the enumerated sub-divisions below:

### (A)  AS TO PLAINTIFF'S DEMAND FOR VIDEOS, SURVEILLANCE, MATERIALS, PHOTOGRAPHS, ETC.:

All photographs, slides, videotapes, and/or motion pictures, surveillance photographs/motion

pictures, tape recordings, movie, visual and/or audio and/or magnetic media reproductions or

descriptions of each plaintiff purporting to depict the plaintiff, plaintiff's activities, actions, speech,

etc.  Pursuant to Tai Tran v. New Rochelle Hospital Medical Center, 2003 WL 367551 (2003) and

CPLR §3101(i), full disclosure of all surveillance materials is required with no limitation as to timing:

    (1)    All photographs of the scene of the underlying occurrence; and

    (2)    The time records and records of amount of footage of film or videotape used; the type

of equipment used to take, develop, and convert such film or video tape; the make and model of all

equipment, lenses, and range settings employed by defendant(s) and/or defendant's(s')

photographers, investigators, and/or others used or associated in conjunction with the surveillance,

tape recordings, etc., of the injured plaintiff.

**(B)** **AS TO THE DEMAND FOR "PARTY STATEMENTS":**

(1)     Pursuant to CPLR 3101(e) and 3120, you are required to reproduce any and all statements in the possession, custody or control of any party you represent in this action and/or on whose behalf such statements were taken from the plaintiff(s) we represent, or from any agent, servant or employee of such plaintiff, whether such statements were oral, written, or electronically recorded, irrespective of whether or not such statements have been transcribed or reduced to written or typed form.

(2)     Any statements, records or reports concerning the plaintiff that were obtained by the defendant(s) from the Central Index Bureau (CIB) or any other reporting agencies or entities.

**(C)** **AS TO INSURANCE (BASIC, EXCESS, UMBRELLA, ETC.) INFORMATION:**

Pursuant to CPLR 3101(f), plaintiff(s) demand(s) that the defendant(s) produce the following:

(1)     A complete, true, and accurate copy of the original policies of insurance covering each and every primary, contributing, umbrella, and/or excess insurance agreement under which any person or entity carrying on any insurance business may be liable to satisfy part or all of a judgment that may be entered in this action against any and/or all defendant(s), or to indemnify or reimburse for payments made to satisfy the judgment;

(2)     Each and every insurance agreement in which the insurer is obligated to defend this action;

(3)     Any applicable insurance agreements insuring the defendant(s) in this action;

(4)     The policy limits of any and all such agreements, the full name and address of each such insurer, and the policy number(s);

(5)     If there are any other claims pending or paid against any such insurance coverage that reduce said insurance coverage for the subject accident set forth:

a.   The total amounts already paid from each policy; and

b.   The number of claims made against each policy, and

      c. The total *ad damnums* of any pending claims against each policy; and

      d. The net remaining insurance coverages available.

(6) If there are no other claims pending or paid, an affirmative statement to that effect is required.

### (D) WITNESSES' IDENTITIES:

Pursuant to Rules 3120(a) and 3101(f) of the CPLR plaintiff(s) demand that defendant(s) produce the names and addresses of any and all of the following persons:

(1) The individuals who witnessed the underlying occurrence;

(2) The individuals who were *res gestae* witnesses;

(3) The individuals who received actual notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(4) The individuals who received constructive notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(5) The individuals who have first-hand knowledge pertaining to the injuries and/or damages which are claimed herein;

(6) All individuals whom defendant(s) will call at trial to testify in connection with and/or pertaining to the injured plaintiff's physical condition, status, disabilities, injuries, permanencies, pre-existing conditions, re-injuries and damages;

(7) The identities of all investigators and/or photographers who filmed, tape recorded, etc., the injured plaintiff and/or were otherwise involved in the filming, videotaping, tape recording, etc., of the injured plaintiff.

#### (E) AS TO THE DEMAND FOR EXPERT WITNESS DISCLOSURE:

Pursuant to CPLR 3101(d)(1), *et seq.*, a statement disclosing in reasonable detail the following:

(1)     The identity of each expert (name and address) whom each defendant intends to call at the trial of this action;

(2)     The subject matter on which each expert is expected to testify;

(3)     The substance of the facts and opinions upon which each expert is expected to testify;

(4)     A summary of the grounds of each expert's opinion;

(5)     The qualifications of each expert witness whom defendant(s) intend(s) to call at the trial of this action.

#### (F) AS TO THE DEMAND FOR DEFENDANT(S)' ADDRESSES:

Defendant(s) are required to furnish a verified statement setting forth the post office address and residence of each defendant/third-party defendant/fourth-party defendant, etc.; if any named defendant/third-party defendant/fourth-party defendant, etc., is not an individual, then such defendant, third-party defendant/fourth-party defendant, etc., is required to furnish a verified statement of an officer or member of said entity who may be served with process herein.

Pursuant to CPLR 3118, this demand "shall be complied with within ten (10) days of its service."

#### (G) AS TO THE DEMAND FOR WRITTEN ACCIDENT REPORTS

A copy of any written accident report prepared in the regular course of business filed by or on behalf of the defendants relating to the accident which is the subject matter of the instant lawsuit.

#### (H) AS TO THE DEMAND FOR DOCUMENTS
#### RELEVANT TO THE SITE OF ACCIDENT

(1)     Copy of the Certificate of Occupancy for the subject premises.

(2)     Copies of work orders, invoices or receipts which evidence maintenance or repair work performed in the area of the premises where the accident occurred for a period of one year prior to

4 of 6

the date of the subject accident.

(3)   Copies of all contracts and agreements between defendant and another for maintenance, cleaning, clearing and repair of the area of the premises where the accident occurred for a period of one year prior to the date of the subject accident.

(4)   Copies of written report of prior accident, injury or complaint which refer, concern or relate to a substantially similar claimed defective condition of the area of the premises where plaintiff herein claims injury.

**AS TO THE CONTINUING NATURE OF ALL OF THE DEMANDS
SET FORTH ABOVE AND PLAINTIFF(S)'
TRIAL POSTURE WITH RESPECT THERETO:**

Notice is hereby given on behalf of the plaintiff(s) herein that each and every demand set forth herein constitutes a continuing demand through the time of trial/retrial of this action.

Notice is also hereby given that if there is a failure to comply with any of the aforesaid demands, plaintiff(s) will exercise each and every right accorded to the plaintiff by the applicable Statute and/or controlling case-law, which will include objection to testimony and/or introduction into evidence, testimonial/evidentiary preclusion and/or resolution of fact issues in favor of the plaintiff(s) and/or any other rights accorded to the plaintiff(s) under the applicable law.

Dated: January 12, 2021
Garden City, New York

Yours, etc.

CERUSSI & GUNN, P.C.

BY: _____
By: BRIAN R. GUINN
Attorneys for Plaintiff
300 Garden City Plaza, Suite 308
Garden City, NY 11530
(516) 745-1300

Case 2:21-cv-00739-JS-SIL   Document 1-1   Filed 02/11/21   Page 31 of 37 PageID #: 35

TO:   GOLDBERG SEGALLA, LLP.
      Attorneys for the Defendants
      665 Main Street
      Buffalo, N.Y. 11507
      (716) 566-5400

FILED: SUFFOLK COUNTY CLERK 01/15/2021 03:34 PM
NYSCEF DOC. NO.

INDEX NO. 607801/2020

Case 2:21-cv-00739-JS-SIL Document 1-1 Filed 02/11/21 Page 32 of 37 PageID #: 36

RECEIVED NYSCEF: 01/15/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------X
ANTOINETTE PUSATERI,

Index No. 607801-2020

Plaintiff,

**CROSS NOTICE**

-against-

**FOR DEPOSITION**

LOWE'S HOME CENTERS, INC. and
LOWE'S COMPANIES,

Defendants.
--------------------------------------------------------------------X

PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the

testimony, upon oral examination, of the defendants, will be taken before a notary public who is not

an attorney, or employee of an attorney, for any party or prospective party herein and is not a person

who would be disqualified to act as a juror because of interest or because of consanguinity or affinity

to any party herein, at the offices of CERUSSI & GUNN, P.C., at 300 Garden City Plaza, Suite 308,

Garden City, NY 11530 on the 26th day of February, 2021, at 10:00 a.m. with respect to evidence

material and necessary in the prosecution of this action:

That the defendants are required to produce at such examination the following:

All relevant documents and records in connection with the subject accident. The reason the

deposition is required is to give testimony surrounding the facts and circumstances regarding the

above-captioned matter.

Dated: January 12, 2021
Garden City, New York

Yours, etc.

CERUSSI & GUNN, P.C.

BY: _____

BRIAN R. GUNN
*Attorneys for Plaintiff*
300 Garden City Plaza, Suite 308
Garden City, NY 11530
(516) 745-1300

TO:   GOLDBERG SEGALLA, LLP
Attorneys for Defendants
665 Main Street
Buffalo, N.Y. 11507
(716) 566-5400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ANTOINETTE PUSATERI;

                                    Plaintiff,                    Index No. 607801-2020

              -against-                                           **RESPONSE TO
                                                                  COMBINED DEMANDS**

LOWE'S HOME CENTERS, INC. and
LOWE'S COMPANIES,

                                    Defendants.
-----------------------------------------------------------------X

PLEASE TAKE NOTICE that the following is plaintiff's response to the combined

demands of defendant(s):

### AS AND FOR A RESPONSE TO DEMAND FOR ATTORNEYS APPEARING

The names and addresses of the attorneys appearing in this action are listed below.

### AS AND FOR A RESPONSE TO DEMAND FOR ADVERSE PARTY STATEMENTS

Plaintiff is not in possession of any adverse party statements.

### AS AND FOR A RESPONSE TO DEMAND FOR ACCIDENT REPORTS

Plaintiff is not in possession of any accident or incident reports.

### AS AND FOR A RESPONSE TO DEMAND FOR PHOTOGRAPHS

Attached please find three photographs depicting the plaintiff at the accident

accident scene and two photographs depicting the bruising upon plaintiff's knee and hip

after the accident.

### AS AND FOR A RESPONSE TO DEMAND FOR AUTHORIZATIONS

Attached hereto is a duly executed authorization to obtain the medical records from

the following providers:

1.    St. Catherine of Sienna Hospital, 50 Route 25A, Smithtown, N.Y. 11787;

2.    Long Island Orthopedic Surgery and Sports Medicine, 309 East Main Street, Smithtown, N.Y. 11787;

3.    Professional Physical Therapy, 66 Commack Road, Commack, N.Y. 11725;

4.    Zwanger Pesiri Radiology, 763 Larkfield Road, Commack, N.Y. 11725; and

5.    BAB Radiology, 554 Larkfield Road, East Northport, N.Y. 11731.

### AS AND FOR A RESPONSE TO DEMAND FOR EXPERT INFORMATION

Plaintiff has not retained an expert witness at this time, but expects to call treating physicians as medical experts.

### AS AND FOR A RESPONSE TO DEMAND FOR IRS AUTHORIZATION

IRS authorization is declined. Plaintiff is not self employed.

### AS AND FOR A RESPONSE TO DEMAND FOR EMPLOYMENT INFORMATION

Attached hereto are duly executed authorizations to obtain the plaintiff's attendance records from the plaintiff's employer, Daphne Geit-Caduri, M.D., 378 Larkfield Road, East Northport, N.Y. 11731.

### AS AND FOR A RESPONSE TO DEMAND FOR SCHOOL INFORMATION

Not applicable.

### AS AND FOR A RESPONSE TO DEMAND FOR
### COLLATERAL SOURCE/NO-FAULT INFORMATION

Attached hereto is a duly executed authorization to obtain the records from Blue Cross / Blue Shield, ID Number Syy839054566.

### AS AND FOR A RESPONSE TO DEMAND FOR WITNESS INFORMATION

Plaintiff is not aware of any eyewitnesses to the accident.

### AS AND FOR A RESPONSE TO DEMAND FOR DAMAGES

Plaintiff claims One Million Dollars for past pain and suffering damages; One Million

Dollars for future pain and suffering damage: Plaintiff claims past and future medical

expenses in the approximate amount of $75,000.00.

Dated:        January 12, 2021
              Garden City, New York

                        Yours, etc.

                        CERUSSI & GUNN, P.C.


                        BY: _____
                                BRIAN R. GUNN
                                *Attorneys for Plaintiff*
                            300 Garden City Plaza, Suite 308
                                Garden City, NY 11530
                                  (516) 745-1300


TO:    GOLDBERG SEGALLA, LLP.
       *Attorneys for Defendants*
       665 Main Street
       Buffalo, N.Y. 11507
       (716) 566-5400

FILED: SUFFOLK COUNTY CLERK 01/15/2021 03:34 PM
NYSCEF DOC. NO. 3
Case 2:21-cv-00739-JS-SIL Document 1-1 Filed 02/11/21 Page 37 of 37 PageID #: 41

INDEX NO. 607801/2020
RECEIVED NYSCEF: 01/15/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------------X
ANTOINETTE PUSATERI,

                                Plaintiff),

                -against-

LOWE'S HOME CENTERS, INC., and
LOWE'S COMPANIES,

                         Defendants.
-----------------------------------------------------------------------------X

Index No. 607801-2020

**REQUEST FOR**
**PRELIMINARY**
**CONFERENCE**

The undersigned requests a Preliminary Conference.

The nature of the action is PERSONAL INJURY.

The names, addresses and telephone numbers of all attorneys appearing in the action are as follows:

                        **CERUSSI & GUNN, P.C.**
                        *Attorneys for Plaintiff*
                        300 Garden City Plaza, Suite 308
                        Garden City, NY 11530
                        Phone: (516) 745-1300
                        Fax: (516) 745-1310

                        GOLDBERG SEGALLA, LLP
                        Attorneys for Defendants
                        665 Main Street
                        Buffalo, N.Y. 11507
                        (716) 566-5400

Dated: January 15, 2021
          Garden City, New York

                                Yours, etc.

                                CERUSSI & GUNN, P.C.

BY: _____
                                BRIAN R. GUNN
                            *Attorneys for Plaintiff*
                      300 Garden City Plaza, Suite 308
                      Garden City, NY 11530
                      (516) 745-1300